IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES D. SPITLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-6-SMY-DGW |
| | ) |
| NATIONAL HEALTHCARE OF MT. VERNON, INC. D/B/A CROSSROADS COMMUNITY HOSPITAL, et al., | ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff James D. Spitler filed suit against Defendants National Healthcare of Mt. Vernon, Inc., d/b/a Crossroads Community Hospital ("Crossroads"), Community Health Systems, Inc. ("CHS"), and Community Health Systems Professional Services Corporation d/b/a CHSPSC ("CHSPSC") pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 81 Stat. 602, as amended, 29 U.S.C. § 621, *et seq*. Defendants CHS and CHSPSC separately move to dismiss Plaintiff's Amended Complaint (*see* Doc. 43, Doc. 46). For the following reasons, the motions are **DENIED**.

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the plaintiff. *Savory v. Lyons,* 469 F.3d 667, 670 (7th Cir.2006). To state a claim upon which relief can be granted, a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that when "accepted as true ... state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,*

1

556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.

In their nearly identical motions to dismiss, Defendants CHS and CHSPSC assert that Plaintiff fails to sufficiently allege facts establishing that they are "employers" under the ADEA, fails to allege facts from which Defendants could be apprised of the nature of any employment relationship and fails to allege conduct which violates the ADEA. The Court disagrees.

In the Amended Complaint, Plaintiff alleges that he was employed at Crossroads, that CHS provided labor to Crossroads and that CHSPSC also provided labor and consulting services to Crossroads. At the time of his termination, Plaintiff was the oldest employee in the pharmacy at Crossroads. Beginning in May 2013, Plaintiff was required to supervise a newly-hired and substantially younger employee – an unlicensed pharmacist working as a technician in the pharmacy while awaiting his board examination results. During this period, Plaintiff was accused of allowing technicians to mix and dispense drugs after hours. Plaintiff denied the allegations. Following the younger employee's licensing, Plaintiff was fired for alleged improper oversight of the pharmacy, medication management and storage. Plaintiff alleges that Defendants CHS and CHSPSC were individually and jointly employers within the meaning of the ADEA. Plaintiff further alleges that his termination, due to his age, violated the ADEA.

Drawing inferences in Plaintiff's favor, his allegations suggest that the Defendants exercised control over him and terminated him due to his age. Discovery may prove otherwise, but the Court finds Plaintiff's allegations sufficient to meet Rule 8's liberal pleading requirements. *See Penteris v. Citgo Petroleum Corp.,* 2015 WL 2128426, at *4 (N.D. Ill. May 5,

2015) (denying defendant's motion to dismiss noting that the determination of whether an entity is a joint employer is a fact-intensive inquiry that typically requires further development through discovery); *Wilcox v. Allstate Corp.,* No. 11 C 814, 2012 WL 6569729, at *11–13 (N.D.Ill. Dec. 17, 2012) (considering joint employer theory at summary judgment stage); *Clifford v. Patterson Cos.,* 2009 WL 3852447, at *9–10 (N.D.Ill. Nov. 18, 2009) (same).  Dismissal for failure to state a claim is proper only if the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  Here, the Amended Complaint is sufficient to allow Plaintiff's ADEA claim to proceed against Defendants CHS and CHSPSC.  Accordingly, Defendants' motions to dismiss are **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  November 19, 2015**

    s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**